UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.: 08-CR-624 (DNH) |
| | Violation: 18 U.S.C. § 371, Conspiracy to Violate the Clean Air Act |
| v. | |
| PARAGON ENVIRONMENTAL CONSTRUCTION, INC. | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)

The United States of America and **PARAGON ENVIRONMENTAL CONSTRUCTION, INC.**, (hereafter "**PEC**"), a corporation organized and existing under the laws of the State of New York, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

1. **RIGHTS OF PEC**. PEC understands its rights:
    (a) to be represented by an attorney;
    (b) to be charged by Indictment;
    (c) to plead not guilty to any criminal charge brought against it;
    (d) to have a trial by jury, throughout which it would be presumed to be not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

1

    (e)    to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

    (f)    to appeal its conviction if it is found guilty at trial; and

    (g)    to appeal the imposition of sentence against it.

2.    **AGREEMENT TO PLEAD GUILTY AND WAIVE RIGHTS.** PEC waives the rights set out in Paragraph 1(b)-(f) above. PEC also waives its right to appeal the imposition of the sentence against it, so long as the sentence imposed is consistent with the recommendation in Paragraph 9 of this Plea Agreement. Pursuant to Fed. R. Crim. P. 7(b), PEC will waive indictment and plead guilty at arraignment to a one count Information to be filed in the United States District Court for the Northern District of New York. The Information will charge PEC with participating in a conspiracy to violate the Clean Air Act from 1999 through the present, in violation of 18 U.S.C. § 371.

3.    Pursuant to the terms of this Plea Agreement, PEC will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 5 below. Immediately upon imposition of sentence or by September 30, 2008, whichever date is later, PEC will surrender to the United States any and all licenses to engage in asbestos related work, and it and any successor company will not seek such licenses from any governmental entity in the future.

4.    **ELEMENTS OF THE OFFENSE.** PEC, through its authorized representative, acknowledges that it is aware of the elements of the offense to which it is entering a guilty plea. Specifically, if this case were to proceed to trial, the United States would have the burden of proving beyond a reasonable doubt each of the elements of a Clean Air Act conspiracy. The legal elements of the conspiracy offense of 18 U.S.C. § 371, are as follows:

    a.    1) The existence of an agreement, 2) between two or more persons, 3)

2

to do something the law forbids, in this case, to violate the Clean Air Act, 4) and the commission of an overt act in furtherance of the conspiracy.

5. **FACTUAL BASIS FOR OFFENSE CHARGED**. PEC admits the following facts which establish its guilt beyond a reasonable doubt for the offense stated in the Information:

(a) Among other things, PEC is in the business of asbestos removal from commercial, industrial, public and residential buildings. At all times relevant to this plea agreement and the Information related thereto, PEC acts through its owners, supervisors, employees and agents. At all times material to the charges, PEC represented to clients that it would perform asbestos removal activities in compliance with all applicable regulatory requirements but did not. Rather, it conspired with its supervisors and other employees and with an air monitoring company and laboratory to perform the work without adhering to the requirements of the Clean Air Act and associated asbestos regulations.

(b) During the course of the conspiracy, PEC supervisors and employees abated regulated asbestos containing material (RACM, or hereafter "asbestos") without adhering to the laws governing the safe and proper stripping, removal, containment, and disposal of such asbestos including at: Raymour & Flanagan (the Gaylord Building), 7248 Morgan Road, Liverpool, NY; 155 Kappesser Street, Syracuse, NY and; Kellogg Free Library, 5681 Telephone Road, Cincinnatus, NY.

(c) Throughout the course of the conspiracy PEC used the services of an air monitoring company and laboratory that provided false and fraudulent laboratory analysis results ("final air clearances") consistent with a full and proper cleanup when such had not occurred and when, in fact, significant asbestos debris from the projects remained readily visible within the work areas. PEC and/or the laboratory mailed the results of such analysis to clients to demonstrate that all asbestos had been removed as promised and to gain payment to which it was not otherwise entitled.

3

(d) From 1999 to the present, an owner of PEC was also an owner of the air monitoring company and laboratory often used by PEC during illegal asbestos abatements.

(e) In 1999, when PEC first applied for its license from the State of New York to engage in asbestos removal activities, it fraudulently asserted that a high ranking supervisor at the air monitoring company/laboratory was PEC's Designated Supervisor for purposes of overseeing the asbestos removal activities.

6. **POSSIBLE MAXIMUM SENTENCE**. PEC understands that the maximum penalty which may be imposed against it upon conviction for a conspiracy to violate the Clean Air Act is a fine of:

(a) $ 500,000 (18 U.S.C. § 3571(c)); or

(b) twice the gross pecuniary gain derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c) twice the gross pecuniary loss caused to the victims of the crime (18 U.S.C. § 3571(c) and (d)).

7. In addition, PEC understands that:

(a) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order PEC to pay a special assessment of $400 upon conviction for the charged crime; and

(b) pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years.

8. **SENTENCING GUIDELINES**. Defendant understands and acknowledges that, at sentencing, the Court is required to take account of the United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a). Defendant understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight which provides guidance for the sentencing of corporate defendants, may be considered by the Court, except that pursuant to U.S.S.G. §§ 8C2.1 and

8C2.10, the United States Sentencing Guidelines are not applicable for purposes of determining a corporate fine. Instead, the fine is to be determined under 18 U.S.C. §§ 3553 and 3571.

9. **FIXED SENTENCING AGREEMENT**. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), subject to the District Court's acceptance, the United States and PEC agree that the appropriate disposition of this case shall be that PEC pays to the United States a criminal fine of $160,000; $12,345 of this fine shall be suspended on the condition that PEC pay this amount to Angela DeFrancis, as restitution for losses incurred as a result of contamination to property owned by her, located at 155 Kappesser Street, Syracuse, NY. PEC shall pay the remaining criminal fine of $147,655 in four, equal, quarterly installments, with the first payment being due at the time of sentencing.

(a) PEC understands that the Court will order it to pay a $400 special assessment per count, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(b) PEC will be placed on a term of probation for two years.

(c) Immediately upon imposition of sentence or by September 30, 2008, whichever date is later, PEC will surrender to the United States any and all licenses to engage in asbestos related work, and it and any successor company will not seek such licenses from any governmental entity in the future.

(d) <u>Sentencing</u>. The parties agree that pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii) they will place information in the record enabling the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without the Probation Department conducting a Presentence Investigation, and further agree to jointly recommend that the Court waive the preparation of the Presentence Report (PSR) in this matter. The parties will advise the Court at the time of the plea whether they request an adjournment prior to imposition of sentence. The Court's denial of the request, if made, to impose sentence on an expedited schedule, or to direct the preparation of a PSR, will not void this Plea Agreement.

(e)     PEC shall not seek nor take a tax deduction for any monies paid as a fine under this plea agreement.

10. **APPLICATION OF THE AGREEMENT**. This Agreement shall bind PEC and its successors and assigns. PEC, or its successors-in-interest, if applicable, shall provide to the United States Attorney's Office and the United States Probation Office immediate notice of any name change, corporate reorganization, sale or purchase of substantial assets, or similar action affecting this Agreement. No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter PEC's responsibilities under this Agreement. PEC shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

11.     Subject to the ongoing, full, and truthful cooperation of PEC described in Paragraph 13 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court of the fact, manner, and extent of PEC's cooperation and its commitment to prospective cooperation with the United States' investigations and prosecutions, material facts relating to PEC's involvement in the charged offense, and other relevant conduct.

12.     The United States and PEC understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

(a)     If the Court does not accept the recommended sentence (except for the expedited imposition of sentence), the United States and PEC agree that this Plea Agreement, except for Paragraph 12(b) below, shall be rendered void.

(b)     If the Court does not accept the Rule 11(c)(1)(C) sentence (except for the expedited imposition of sentence), PEC will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If PEC withdraws its plea of guilty, this Plea Agreement and the guilty

plea shall not be admissible against PEC in any criminal proceeding except as otherwise provided in Fed. R. Crim. P. 11(f). PEC agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense to which it can be charged will be tolled for the period between the date of the signing of the Plea Agreement and the date PEC withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

13. **PEC COOPERATION**. PEC will cooperate fully and truthfully with the United States in the prosecution of this case and in any investigation, litigation, criminal prosecution or other proceedings (hereafter Federal Proceeding) arising from or related to the subject matter about which PEC is pleading guilty. PEC will make all reasonable efforts to ensure that its current and former officers, employees, consultants, vendors and experts cooperate with the United States and truthfully disclose all information about their activities and those of others relating to any criminal environmental matter about which assistance is requested. The ongoing, full, and truthful cooperation of PEC shall include, but not be limited to:

(a) producing to the United States all documents, information, and other materials, wherever located, in the possession, custody, or control of PEC, requested by the United States in connection with any Federal Proceeding;

(b) securing the ongoing, full, and truthful cooperation of any of its officers, employees, consultants, and experts, including making such persons available in the United States for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding. PEC will advise those persons identified in this paragraph that they are encouraged to cooperate; cooperation includes providing information to the Government, being interviewed by Government agents or attorneys, and testifying in official proceedings. PEC will grant liberal leave if necessary at its expense to facilitate cooperation with the Government;

(c) as a condition of its cooperation pursuant to this plea agreement, PEC will

7

withdraw from any and all joint defense agreements previously entered into with any individual or company concerning the criminal investigation of its asbestos activities.

(d)   during the period of probation, PEC shall provide to government agents full access to its facility and employees, including access to business records related to asbestos activities.

(e)   no PEC employees will be fired, demoted, reassigned or otherwise suffer a reduction in pay or other benefits because of their truthful cooperation with the United States with respect to the alleged criminal violations under investigation.

14.   **GOVERNMENT'S AGREEMENT**. Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, and subject to the cooperation requirements of Paragraph 13 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against PEC for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of the Clean Air Act conspiracy involving the illegal abatement of asbestos as described in the Information and plea agreement. The nonprosecution terms of this paragraph do not apply to civil or administrative matters of any kind, to any violation of the federal tax laws, or to any crime of violence.

15.   PEC understands that it may be subject to civil or administrative action by federal or state agencies, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of PEC as a matter for that agency to consider before determining what administrative action, if any, to take.

16.   **REPRESENTATION BY COUNSEL**. PEC has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. PEC

has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

17. **VOLUNTARY PLEA**. PEC's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to PEC as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

18. **VIOLATION OF PLEA AGREEMENT**. PEC, through its authorized representatives, recognizes that the government has agreed not to prosecute all of the criminal conduct established by the evidence as committed by PEC solely because of the promises made by PEC in this Agreement. If PEC breaches this Agreement, or if PEC withdraws its guilty plea pursuant to paragraph 12 of this Agreement, the United States retains the right to present to the Grand Jury for Indictment, all of the criminal violations established by the evidence. If the actions of PEC or any of its agents and/or employees breaches this Agreement, PEC will not be able to withdraw its guilty plea, and the United States will be relieved of all of its obligations under this Agreement. If, as a result of a breach of the Agreement, the United States elects to pursue any charge that was not filed as a result of this Agreement, PEC expressly waives all defenses based upon the statute of limitations and pre-indictment delay, except to the extent that such defenses existed as of the date of the signing of this Agreement and subject to paragraph 19 below.

19. PEC understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Plea Agreement, because of PEC's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by it or current or former directors, officers, or employees of it to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived

therefrom, may be used against it in any such further prosecution. In addition, PEC unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

20. **CORPORATE AUTHORIZATION.** PEC states that it is authorized to enter into this Agreement. At the time of signing by PEC's representatives, PEC shall provide the United States with a written statement in the form of a corporate resolution certifying that PEC is authorized to enter into and comply with all of the terms of this Agreement. The corporate resolution shall certify that PEC's Board of Directors has authorized the undersigned representatives to take these actions and that all corporate formalities for such authorizations have been observed. PEC agrees that the pleas of guilty will be entered by PEC through its attorney, and that he is authorized to enter pleas of guilty on PEC's behalf. By entering these guilty pleas, PEC hereby waives all objections to the form of the charging document, admits that it is in fact guilty of the offense as set forth in the Information, and that the Factual Statement set forth in this Agreement is a true and accurate statement of PEC's criminal conduct and that it provides a sufficient basis for PEC's pleas of guilty to the offense charged in the Information.

21. **WAIVER OF APPEAL.** PEC, through its authorized representatives, is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statutes give PEC the right to appeal other aspects of the conviction. In consideration of the Agreement with the United States as set forth herein, PEC knowingly and voluntarily agrees to waive the following rights:

  a. The right, conferred by 18 U.S.C. § 3742, to appeal the sentence imposed by the Court for the conviction of these offenses;

  b. The right to appeal any aspect of PEC's conviction, including any pre-charge or pre-trial dispositions of motions, if any, or other issues; and

  c. The right to bring any collateral attack against PEC's conviction or sentence, except as it may relate to the effectiveness of legal representation.

22. **ENTIRETY OF AGREEMENT.** This Plea Agreement constitutes the entire agreement between the United States and PEC concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and PEC.

PARAGON ENVIRONMENTAL
CONSTRUCTION, INC.

By: _____
Thomas DeSimon
Harris Beach, PLLC
Attorney for PEC
Bar Role No. 501861

GLENN T. SUDDABY
UNITED STATES ATTORNEY

By: _____
Craig A. Benedict
Assistant U.S. Attorney
Bar Role No. 101130